IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAJIA RAHMANI, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, )<br>)<br>)<br>)<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:24-cv-1727 RDA/IDD |

**REPORT & RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Motion") [Dkt. Nos. 3, 5]. Having reviewed the Motion, the undersigned Magistrate Judge recommends denying the Motion for the reasons that follow.

**I. Background**

Pursuant to 28 U.S.C. § 1915(e)(2)(A), a court must dismiss a case proceeding *in forma pauperis* if it "determines that the allegation of poverty is untrue." A litigant need not be "absolutely destitute" to proceed *in forma pauperis*; however, "*in forma pauperis* status is 'a privilege, not a right.'" *El v. U.S. Dep't of Com.*, No. 2:15CV532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016) (quoting *Kunamneni v. Locke*, Nos. 1:09cv005; 1:09cv450, 2010 U.S. Dist. LEXIS 46876, at *3–4 (E.D. Va. May 12, 2010)). Accordingly, *in forma pauperis* status is available to one who can declare to the Court by way of affidavit that he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant applications to proceed *in forma pauperis* is up to the discretion of the district court. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

**II. Analysis**

Here, Plaintiff's application to proceed *in forma pauperis* is deficient for the following reasons. In the section of her application that lists her current assets, Plaintiff indicates that she and her husband have a home valued at $1,141,900. Dkt. No. 3 at 3. In the section for Plaintiff's average monthly expenses, she states that she spends about $200.00 per month on yard maintenance. *Id.* at 4.

Seeking clarification on the nature of Plaintiff's home ownership and home-related expenses, the undersigned issued an order on October 1, 2024, ordering Plaintiff to supplement her Motion with additional information relating to her home value and expenses, including information regarding whether she owns her residence, the amount of her home mortgage payments, the amount of her property insurance payments, and any other pertinent information. Dkt. No. 4.

In Plaintiff's supplemental affidavit to her Motion for Leave to Proceed *In Forma Pauperis*, Plaintiff provided a notarized statement indicating that she and her husband have owned their home in Arlington, VA since June 5, 1981, and that they do not have any mortgages or homeowners' insurance on the property. Dkt. No. 5 at 6. She further stated in the affidavit that the assessment value of the home is $1,141,900, and that she cannot provide additional information on expenses relating to her property because these expenses vary. *Id.*

Because Plaintiff and her husband own a home valued at over $1 million, the undersigned finds that the Plaintiff has not sufficiently established an inability, due to poverty, to pay the requisite filing fees. Owning an asset of this value would likely allow Plaintiff to pay the requisite filing fees and still provide for "the necessities of life." *Adkins*, 335 U.S. at 339.

**III. Recommendation**

For the foregoing reasons, the undersigned recommends **DENYING** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.

**IV. Notice**

By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge

October 10, 2024
Alexandria, Virginia