IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAJIA RAHMANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-1727 (RDA/IDD) |
| | ) |
| WELLS FARGO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Plaintiff Najia Rahmani's motions to proceed *in forma pauperis* (Dkt. Nos. 3, 5) and Magistrate Judge Ivan D. Davis' Report and Recommendation (the "R&R) (Dkt. 6). In her two motions to proceed *in forma pauperis*, Plaintiff reports that she has a home, which she and her husband own outright, with a value of more than $1 million. Dkt. 5 at 6. Accordingly, Judge Davis recommended denying the motions to proceed *in forma pauperis* as "Plaintiff has not sufficiently established an inability, due to poverty, to pay the requisite filing fees." Dkt. 6 at 2. Plaintiff then filed a response to the R&R, which this Court construes as an objection, stating "Evidence of over $20,000 in Wells Fargo Bank to issue her savings. [sic] Has nothing to do with the value of the house. There is no available money to pay." Dkt. 7.

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

Here, Plaintiff has failed to prepay the filing and, thus, Plaintiff's case may only proceed if the motion to proceed *in forma pauperis* is granted or the filing fee is paid. A review of Plaintiff's applications to proceed *in forma pauperis* reveal that Plaintiff has not established inability to pay due to poverty. Plaintiff has a home valued at more than $1 million and a car valued at $17,000 on which she owes no liabilities. Dkt. 3. Plaintiff also pays $200 a month on yard maintenance. *Id.* Plaintiff also reports $800 per month in transportation costs, even though she and her husband own a car and are retired. *Id.* "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013). Thus, courts frequently consider a plaintiff's assets in determining whether a plaintiff qualifies to proceed *in forma pauperis. See, e.g., Gibbons v. United States,* 2007 WL 2060854, at *2 (N.D.W. Va. July 12, 2007) (considering the value of a mobile home valued at $3,000 and an automobile valued at $2,000 when denying IFP status to a plaintiff earning $529 per month). Plaintiff has significant assets and chooses to pay $200 a month in yard maintenance rather than pay her court costs. Moreover, it is unclear how Plaintiff can afford to pay $200 a month in yard maintenance when she reports earnings of $183 per month, having less than $100 in her bank, liabilities of $4,450 per month, and no credit card debt. Dkt. 5 at 4-5. The inconsistencies in the application as well as the significant assets held by Plaintiff provide a basis on which to deny the applications. Accordingly, the Court will adopt the R&R and deny the applications to proceed *in forma pauperis.*

Additionally, seeking to proceed *in forma pauperis* subjects Plaintiff's Complaint to the screening requirements of 28 U.S.C. § 1915(e). *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Under this review, a complaint must be dismissed *sua sponte* if the

plaintiff's claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiff asserts a claim against Wells Fargo Bank under the False Claims Act. Dkt. 1. Plaintiff's claim is based on a cashier's check for $20,000 which she states she did not receive and for which she is seeking $2,000,000 in damages. *Id.* The False Claims Act is intended to discourage fraud against *the government*. *See* 31 U.S.C. § 3729, *et seq.* Thus, "a private right of action does not exist for *pro se* plaintiffs under the False Claims act." *Hamilton v. N. Va. Dist. Off.*, 2021 WL 3417962, at *3 (E.D. Va. Aug. 4, 2021). Accordingly, Plaintiff's claim will be dismissed without prejudice.

Accordingly, for the reasons discussed above, the Court OVERRULES the Plaintiff's Objection (Dkt. 7) and ADOPTS the R&R (Dkt. 6); and it is

FURTHER ORDERED that Plaintiff's Motions to Proceed *In Forma Pauperis* (Dkt. Nos. 3, 5) are DENIED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice; and it is

FURTHER ORDERED that Plaintiff may, if she so desires, file an amended complaint on or before **Friday, November 8, 2024**. Plaintiff is hereby WARNED that, if she fails to file an amended complaint on or before November 8, 2024, her case will be closed.

IT IS SO ORDERED.

Alexandria, Virginia
October 2⁴, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge